IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MATTHEW ROBERT DESCAMPS, | : | CIVIL NO. 3:14-CV-2460 |
| | : | |
| Petitioner | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| ANDREW EDINGER, M.D., | : | |
| WARDEN DAVID EBBERT, | : | |
| | : | |
| Respondents | : | |

## MEMORANDUM

Presently before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1), filed by Matthew Robert Descamps ("Descamps"), an inmate confined at the United States Penitentiary at Lewisburg ("USP-Lewisburg"), Pennsylvania. Descamps seeks to proceed *in forma pauperis*. (Doc. 2.) Preliminary review of the petition has been undertaken and, for the reasons set forth below, it is concluded that the petition is subject to dismissal. See R. GOVERNING § 2254 CASES.[1]

I. **Background**

Descamps alleges that he has been subjected to dental neglect. (Doc. 1, p. 2). He cites to "the lack of being given dentures/being without teeth for a period of 3 yrs./not ever being allowed or

---

[1] Habeas corpus petitions brought under § 2241 are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (See R. GOVERNING § 2254 CASES R.1(b), making rules applicable to § 2241 petitions at the discretion of the court). Rule 4 provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

given a soft food diet./the refusal of being fitted or given dentures/left w/o teeth!" (Id.) In the "Request for Relief" section he states "I want teeth to eat with please." (Id. at 5).

## II. Discussion

A habeas petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement. Preiser v. Rodriguez, 411 U.S. 45, 494 (1973); Tedford v. Hepting, 990 F.2d 745, 748 (3d Cir. 1993). "Habeas relief is clearly quite limited: 'The underlying purpose of proceedings under the 'Great Writ' of habeas corpus has traditionally been to 'inquire into the legality of the detention, and the only judicial relief authorized was the discharge of the prisoner or his admission to bail, and that only if his detention were found to be unlawful.'" Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002) (quoting *Powers of Congress and the Court Regarding the Availability and Scope of Review*, 114 Harv.L.Rev. 1551, 1553 (2001)). However, when seeking to impose liability due to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, the appropriate remedy is a civil rights action. See Leamer, 288 F.3d at 540. "Habeas corpus is not an appropriate or available federal remedy." See Linnen v. Armainis, 991 F.2d 1102, 1109 (3d Cir. 1993).

Careful review of the petition reveals that Descamps does not seek speedier or immediate release from custody or challenge the legality of his present incarceration. Rather, he challenges the adequacy of the dental care administered by the medical staff at the United States Penitentiary at Lewisburg. Because he is seeking to impose liability due to the deprivation of certain rights and privileges, habeas is not the appropriate remedy.

III.   <u>Conclusion</u>

Based on the foregoing, the petition for writ of habeas corpus will be dismissed without prejudice.

An appropriate order follows.

> BY THE COURT:
>
> <u>s/James M. Munley</u>
> **JUDGE JAMES M. MUNLEY**
> **United States District Court**

Dated:   January 5, 2015

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MATTHEW ROBERT DESCAMPS, | : | CIVIL NO. 3:14-CV-2460 |
| Petitioner | : | |
| | : | (Judge Munley) |
| v. | : | |
| ANDREW EDINGER, M.D., WARDEN DAVID EBBERT, | : | |
| Respondents | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

AND NOW, to wit, this 5th day of January 2015, upon preliminary review of the petition for writ of habeas corpus (Doc. 1), see R. GOVERNING § 2254 CASES, it is hereby ORDERED that:

1. The application to proceed *in forma pauperis* (Doc. 2) is GRANTED for the sole purpose of the filing of the action.

2. The Petition for Writ of Habeas Corpus (Doc. 1) is DISMISSED without prejudice.

3. The Clerk of Court is directed to NOTIFY the petitioner and CLOSE this case.

BY THE COURT:

s/James M. Munley
JUDGE JAMES M. MUNLEY
United States District Court